IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARVIN PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00482 |
| ) | |
| NIA ASSOCIATION ) | JUDGE CAMPBELL |
| NIA ASSOCIATION, INC., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. | |

## MEMORANDUM

Plaintiff Marvin Porter filed this action against Defendant Nia Association ("Nia"), alleging that Nia discriminated against him on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA").[1] Before the Court is Defendant's unopposed motion for summary judgment (Doc. No. 55). For the following reasons, Defendant's motion for summary judgment is GRANTED.

Defendant filed a Motion for Summary Judgment and a Statement of Undisputed Facts (Doc. Nos. 55, 57) on January 2, 2019. According to the Amended Case Management Order filed on November 14, 2018, any Response was due 28 days after the filing of the Motion (Doc. No. 51.) Plaintiff did not respond to the Statement of Undisputed Facts or to the Motion for Summary Judgment.

---

[1] Plaintiff's claim for retaliatory discharge in violation of the Tennessee Public Protection Act was stricken by the Court in response to Defendant's Motion for Sanctions (Doc. No. 52). Plaintiff did not file a response to the Motion for Sanctions and the Magistrate Judge found that sanctions were appropriate because Plaintiff pled the claim with full knowledge that he could not establish an essential element. (*Id*.)

## I. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### B. Local Rules

Local Rule 7.01(a)(3) states, in pertinent part:

> **(3) Response**. [A]ny party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact,

> affidavits and depositions, not later than fourteen (14) days after service of the motion, except that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. The response shall not exceed twenty-five (25) pages without leave of Court. If a timely response in not filed, the motion shall be deemed to be unopposed …

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (f) state, in pertinent part:

> **c. Response to Statement of Facts**. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either: (1) Agreeing that the fact is undisputed; (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.
>
> **f. Failure to Respond**. If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

Plaintiff failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(f), that failure makes the asserted facts undisputed for the purposes of summary judgment. Accordingly, there are no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to judgment as a matter of law.

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). The Court must "at a minimum, [] examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden … of demonstrating the absence of a genuine issue as to a material fact." (*Id*. (internal quotations omitted)).

## C. Title VII Discrimination

Plaintiff claims discrimination on the basis of race and sex in violation of Title VII and the Tennessee Human Rights Act.[2] Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits an employer from "discriminating against any individual … because of such individual's race, color, religion, sex, or national origin." *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 363 (6th Cir. 2010) (quoting 42 U.S.C. § 2000e-2(a)(1)). To demonstrate a prima facie case of discrimination, a plaintiff must show that: (1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees. *Wright v. Murray Guard, Inc*., 455 F.3d 702, 707 (6th Cir. 2006).

To defeat a motion for summary judgment in a discrimination case, a plaintiff must present direct or circumstantial evidence of discrimination. *Barrett v. Whirlpool Corp*., 556 F.3d 502, 514 (6th Cir. 2009)); *see also*, *Upshaw v. Ford Motor Co*., 576 F.3d 576, 584 (6th Cir. 2009). Direct evidence is evidence that, if believed, dictates a finding, with no need to draw inferences, that "unlawful discrimination was at least a motivating factor in the employer's actions." *Barrett*, 556 F.3d at 515. Circumstantial evidence is "proof that does not on its face establish discriminatory animus, but does allow the factfinder to draw a reasonable inference that discrimination occurred." *Kyle-Eiland v. Neff*, 408 Fed. Appx. 933, 939-40 (6th Cir. 2011).

---

[2] The standard for liability is the same under both Title VII and the Tennessee Human Rights Act ("THRA"). *Newman v. Federal Express Corp*., 266 F.3d 401, 406 (6th Cir. 2001). Accordingly, to the extent Plaintiff's claims under Title VII survive the motion for summary judgment, so do his claims under the THRA.

Plaintiff has not submitted any evidence to defeat the motion for summary judgment. Nevertheless, the Court will consider facts in Defendant's Statement of Undisputed Facts that establish certain elements of a prima facie case. First, Defendant does not dispute that Plaintiff is a member of a protected class. With regard to the second element, an adverse employment action, Defendant has stated Plaintiff was disciplined on numerous occasions for policy violations and ultimately fired for failing to register for services under the Employee Assistance Program. (*Id*. at ¶¶ 39, 45, 51, 56, 57, 63, 67, 71, 77, 84, and 91.) The Court will assume that Plaintiff was qualified for his position based on the fact that he was offered a raise in March 2017 (Doc. No. ¶ 74.)

To establish the fourth element of a prima facie claim, Plaintiff must provide evidence that he was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees. Plaintiff has provided no evidence to support this element. However, Defendant's Statement of Undisputed Facts establishes: (1) "Plaintiff testified that the instances in which he believed Caucasian employees received better treatment are based on rumor and gossip, or that he does not remember the specific instances that form the basis of his belief" (Doc. No. 57 at ¶ 95); (2) "Plaintiff testified that his sex discrimination claim is based on his allegation that his supervisors asked him to do more work than other female employees because he is a man." (*Id*. at ¶ 96.); and (3) "Plaintiff admitted that, in the instances he claims he was discriminated against on the basis of sex, a female employee was with him to also 'handle whatever was needed.'" (*Id*. at ¶ 97.)

To survive a motion for summary judgment, Plaintiff cannot rely on conjecture or conclusory accusations. *Arendale,* 519 F.3d at 605 (citing *Lewis v. Phillip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) ("In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his]

5

favor on more than mere speculation, conjecture, or fantasy."). In *Arendale*, the Sixth Circuit held that plaintiff had not presented evidence sufficient to survive a motion for summary judgment when he "presented nothing more than his own subjective opinion" of defendant's motivation. 519 F.3d at 601.

Plaintiff has presented no evidence in support of his claim and the "evidence" taken from Defendant's undisputed facts consists entirely of unsubstantiated conclusory accusations. Accordingly, the Court finds that Plaintiff has failed to meet his burden to establish a prima facie claim of discrimination, and the Motion for Summary Judgment on the claim of discrimination is GRANTED.

### D. Title VII Retaliation

Plaintiff alleges Defendant terminated him in retaliation for filing a Charge against it with the EEOC and a Complaint with the Court. Plaintiff brings this claim under Title VII and the Tennessee Human Rights Act.[3] To establish a prima facie case of retaliation in violation of Title VII, a plaintiff must show: (1) he engaged in protected activity; (2) the defendant knew of plaintiff's activity; (3) thereafter, the defendant took an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Arendale v. City of Memphis*, 519 F.3d 587, 606 (6th Cir. 2008). A plaintiff must raise an inference that his "protected activity was the likely reason for the adverse employment action." *Simpson v. Vanderbilt Univ.*, 359 F. App'x 562, 571 (6th Cir. 2009). Plaintiff must "put forth some evidence to deduce a causal connection between the retaliatory action and the protected activity [which

---

[3] Claims under THRA are evaluated using the same framework as claims under Title VII. *See supra* Note 2.

requires] the court to draw reasonable inferences from that evidence, providing it credible." *EEOC v. Avery Dennison Corp*., 104 F.3d 858, 861 (6th Cir. 1997).

Plaintiff has not submitted *any* evidence in support of his claim for retaliation. From Defendants undisputed statement of facts and the record in this case, it is evident that Plaintiff filed an EEOC charge on April 6, 2016 and the complaint in this case on March 2, 2017. (Doc. No. 57 at ¶ 102; Doc. No. 1.) He was disciplined October 2016, November 2016, and July 2017, and fired in August 2017. (*Id*. at ¶¶ 62, 63, 71, 78, and 91.) Plaintiff did not provide any evidence, nor is there any evidence in the record, that these disciplinary actions or termination were causally connected to the alleged protected activity. Accordingly, Plaintiff has not established a prima facie case of retaliation. Though not required because Plaintiff failed to establish a prima facie case of retaliation, the Court notes that Defendant has offered legitimate, non-retaliatory reasons for the disciplinary actions and dismissal, and there is no evidence that these reasons are pretextual.

## II.     CONCLUSION

For the reasons stated, Plaintiff has failed to present evidence sufficient to defeat the motion for summary judgment. Defendant's Motion for Summary Judgment is **GRANTED** on all claims.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE